UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| EMONI M. DANIELS,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA,<br><br>Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 1:23-CV-01525-KMW-SAK<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

This matter comes before the Court *sua sponte* in connection with the Complaint filed by *pro se* plaintiff Emoni Daniels ("Plaintiff"). Having previously granted Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 9), the Court now screens her Complaint pursuant to 28 U.S.C. §1915(e)(2)(B).[1] For the reasons set forth below, Plaintiff's Complaint is dismissed for failing to state a claim upon which relief can be granted.

1) Plaintiff brings this action against defendant Bank of America ("Defendant") asserting violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* Therein, Plaintiff alleges that Defendant has reported "incomplete and inaccurate information" to consumer credit reporting agencies concerning a certain credit card that has since been closed. *See* Compl. ¶¶ 7–8. Plaintiff claims that she notified Defendant of these alleged inaccuracies, but that Defendant has twice "deemed the information being reported as accurate." *See id.* ¶¶ 9–10, 12.

---

[1] "When allowing a plaintiff to proceed in forma pauperis, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune." *Toussaint v. Cap. One Fin. Servs.*, No. CV 22-02448, 2022 WL 1541546, at *1 (D.N.J. May 16, 2022) (citing 28 U.S.C. § 1915(e)(2)(B)).

Plaintiff does not describe in any particular detail what information was reported or how exactly it was inaccurate, but simply claims that it has caused her to suffer various financial hardships, such as being unable to obtain extensions on other existing lines of credit. *See id.* ¶ 13–15. Plaintiff thus demands from Defendant monetary damages in an amount exceeding $57,000 for "continuously reporting inaccurate information." *Id.* ¶ 27.

2)     As an initial matter, the Court notes that the Complaint does not expressly invoke any specific protection afforded by the FCRA. But even when construing the Complaint liberally, the Court is not convinced that Plaintiff has plausibly asserted a cognizable claim under either of the FCRA's two primary provisions applicable to "furnishers of information," like Defendant.[2]

3)     Section 1681s-2(a) of the FCRA imposes a duty on furnishers of information, like Defendant, to ensure the accuracy of that information being provided, and generally prohibits relaying any information they "know or have reasonable cause to believe" to be inaccurate to credit rating agencies. *Burrell v. DFS Servs., LLC*, 753 F. Supp. 2d 438, 446 (D.N.J. 2010). "Notably, however, the FRCA prohibits private enforcement of the duties arising under § 1681s-2(a)." *Tauro v. Cap. One Fin. Corp.*, 684 F. App'x 240, 242 (3d Cir. 2017). Thus, to the extent Plaintiff seeks to premise any claim on § 1681s-2(a), her Complaint must be dismissed accordingly.

4)     Section 1681s-2(b) of the FCRA imposes various duties on furnishers to investigate and remediate reportedly inaccurate or incomplete information. *See* 15 U.S.C. §§ 1681s-2(b)(1)(A)–(E)(1)(iii). Although a private consumer may bring a claim under § 1681s-2(b), her

---

[2] To be clear, the FCRA imposes duties on both credit rating agencies and "furnishers of information," a term that is undefined by the statute itself, but is understood to include "any entity that reports information relevant to a consumer's credit rating . . . [t]he most common . . . furnishers of information are credit card issuers, auto dealers, department and grocery stores, lenders, utilities, insurers, collection agencies, and government agencies." *Burrell v. DFS Servs., LLC*, 753 F. Supp. 2d 438, 446 (D.N.J. 2010).

complaint must allege sufficient facts to establish that (1) she informed a credit reporting agency that she disputes certain information the furnisher provided; (2) the credit agency, in turn, notified the furnisher of the consumer's dispute; and (3) the furnisher failed to conduct a reasonable investigation with respect to the same. *See Berkery v. Verizon Commc'ns Inc*, 658 F. App'x 172, 175 (3d Cir. 2016).

5)      Here, the Complaint fails to allege sufficient facts to support a viable cause of action under § 1681s-2(b). First, it is unclear whether Defendant was ever informed of the alleged dispute pursuant to the notice procedures established by the FCRA. *Edwards v. Comenity Cap. Bank*, No. 22-7433, 2023 WL 278613, at *2 (D.N.J. Jan. 18, 2023) ("[A] furnisher's obligations are only triggered after the furnisher receives notice of a dispute from a consumer reporting agency, not a consumer."). The Complaint likewise offers no facts describing what the negative credit information consisted of; in what respect it was false or incomplete; or how Defendant failed to conduct a reasonable investigation. *See Grant v. Robert*, No. 22-2886, 2022 WL 16815470, at *2 (D.N.J. Nov. 8, 2022) (dismissing FCRA action for similar deficiencies).[3]

For these reasons,

**IT IS** this **30th** day of **December 2023** hereby

**ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**; and it is further

---

[3] While the Court is generally obligated to liberally construe the pleadings of *pro se* litigants, it need not credit "bald assertions" or "legal conclusions." *See Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

**ORDERED** that Defendant's Motion to Dismiss (ECF No. 10) and Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 11)[4] are **DENIED AS MOOT**; and it is further

**ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** this case and serve a copy of this Memorandum Opinion and Order on Plaintiff by regular U.S. mail[5]; and it is further

**ORDERED** that, to the extent Plaintiff wishes to reopen this case, she shall so notify the Court in writing within **30 days** of the date of entry of this Memorandum Opinion and Order. Any such notice must also include with it a proposed amended complaint that adequately addresses the deficiencies identified above. Upon receipt of such notice, the Court will screen the proposed pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and determine whether reopening this case would be warranted.

KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE

---

[4] Having reviewed Plaintiff's Motion, the Court separately notes that it does not adequately correct the deficiencies identified in this Memorandum Opinion and Order.

[5] Plaintiff is advised that administrative termination is not a "dismissal" for purposes of any statute of limitations. *See Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (2013) (distinguishing administrative terminations from dismissals).